UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ESTATE OF ROBERT WAYNE MILES, et al.                          PLAINTIFFS

v.                                                CIVIL ACTION NO. 3:09CV-866-S

ESTATE OF WILLIE J. ADAMS, JR. et al.                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter arose from a motor vehicle accident which occurred in Washington County, Kentucky. This accident between a pick-up truck operated by Robert Wayne Miles ("Miles") and a vehicle operated by Willie J. Adams, Jr. ("Adams") with which he was transporting equipment for Tazmanian Freight Systems ("Tazmanian") resulted in the death of both drivers. The pick-up truck operated by Miles was owned by William Hutchins of Lebanon, Kentucky, and was insured through Kentucky Farm Bureau Mutual Insurance Company ("KFB").

The Estate of Miles filed suit against the Estate of Adams and Tazmanian in the Washington County, Kentucky, Circuit Court. The Estate of Adams is being probated in Pennsylvania, the state of Adams' residence. Tazmanian is an Ohio corporation with its principal place of business in Ohio. Tazmanian removed the action to this court invoking our diversity jurisdiction.

After removal, the Estate of Adams answered the complaint and filed a counterclaim and third-party complaint. It counterclaimed against Miles on the question of liability. It filed a third-party claim against Hutchins claiming uninsured and/or underinsured motorist coverage under Hutchins' policy with United Financial Casualty Company d/b/a Progressive Insurance Company.

The Estate of Miles now seeks leave to file a First Amended Complaint and moves for remand to the Washington Circuit Court. (DN 6). The motion stands unopposed.

The Estate of Miles seeks to add KFB (Hutchins' insuror) and Countryway Insurance Company (Miles' insuror) as defendants, seeking underinsured motorist benefits under the policies held by Hutchins and Miles. The Estate of Miles also contends that KFB is obligated to pay PIP/BRB benefits on Miles' behalf under Hutchins' policy.[1]

The Estate of Miles seeks leave to amend its complaint in accordance with Fed.R.Civ.P. 15(a)(2), noting that the underinsured motorist carriers were just recently identified. There has been no assertion of undue delay, bad faith, or dilatory motive on the part of the Estate of Miles in seeking this amendment. *See Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

In assessing whether to permit the joinder of diversity-destroying parties under 28 U.S.C. § 1447(e) after removal, the court must consider (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in seeking amendment; (3) whether the plaintiff will be significantly prejudiced if the amendment is not allowed; and (4) any other equitable factors. *Brown v. Sun Healthcare Group, Inc.,* 2009 WL 2485548 (W.D.Ky. Aug. 13, 2009), *quoting Bridgepointe Condominiums, Inc. v. Integra Bank National Association*, 2009 WL 700056 (W.D.Ky. March 13, 2009). Again, there has been no assertion of manipulative or dilatory practice.

Therefore, motion having been made and there having been no objection filed thereto, and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that:

> 1. The motion of the plaintiff, Estate of Robert Wayne Miles, for leave to file a First Amended Complaint is **GRANTED** and the First Amended Complaint is ordered **FILED.**

---

[1] Paragraph 10 of the proposed First Amended Complaint states that "Plaintiff intends to explore the extent to which Adams was hired, instructed, supervised, or trained in the performance of his duties by Tazmanian." The Estate of Miles appears to be suggesting an as-yet undiscovered and therefore unalleged claim for independent liability against Tazmanian. The purpose of this paragraph is not apparent.

2. Pursuant to 28 U.S.C. § 1447(e), the joinder of non-diverse defendants having been permitted, the motion of the plaintiff, Estate of Robert Wayne Miles, to remand is **GRANTED**, and the action is **REMANDED to the Washington Circuit Court, Division II,** for all further proceedings.

There being no just reason for delay in its entry, this is a final order.

**IT IS SO ORDERED.**

January 29, 2010

**Charles R. Simpson III, Judge**
**United States District Court**